UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| JAVIER NUNEZ, <br><br> Plaintiff, <br><br> -against- <br><br> COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. |

19-CV-0170 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. §§ 405(g) or 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final administrative decision with respect to Plaintiff's application for Social Security benefits. For the reasons discussed below, the Court directs Plaintiff to show cause why the Court should not transfer this action to the United States District Court for the Eastern District of New York.

An action filed under 42 U.S.C. §§ 405(g) or 1383(c)(3) may be brought only in:

> the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g); *see* § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

The Southern District of New York, which is the judicial district for this Court, includes the following New York State counties: New York (Borough of Manhattan), Bronx, Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York includes the following New York State counties: Kings (Borough of Brooklyn), Queens, Richmond (Borough of Staten Island), Nassau, and Suffolk. § 112(c).

It is unclear whether Plaintiff resides or has his principal place of business in this judicial district, the Southern District of New York. Plaintiff, in his original complaint, stated that he resides in New York County (Manhattan, in this judicial district), but listed his mailing address as located in Brooklyn, Kings County (in the Eastern District of New York). (ECF. No. 2, at 1, 3.) He lists that same Brooklyn mailing address in the *in forma pauperis* application that he filed with his original complaint. (ECF No. 1, at 2.) Plaintiff later filed an amended complaint – the operative pleading – in which he again states that he resides in New York County, but lists the same Brooklyn mailing address. (ECF No. 4, at 1, 3.) He subsequently filed a consent to electronic service of Court documents, a notice of a change of address, and a letter to the Court; in each of these submissions he lists the same Brooklyn mailing address. (ECF Nos. 5-7.)

Because it is unclear whether Plaintiff resides or has his principal place of business in the Southern District of New York, it is unclear whether this Court is a proper venue for this action. Accordingly, the Court directs Plaintiff to show cause why the Court should not transfer this action to the United States District Court for the Eastern District of New York.

**CONCLUSION**

The Court directs the Clerk of Court to assign this matter to my docket.

The Court directs Plaintiff to show cause, within thirty days of the date of this order, why the Court should not transfer this action to the United States District Court for the Eastern District of New York. Plaintiff may comply with this order by completing and submitting the attached declaration form within the time allowed. If Plaintiff fails to comply with this order within the time allowed, the Court will transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §§ 1404(a), 1406(a).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 17, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge