UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Javier Nunez,

                           Plaintiff,                       19 Civ. 170 (PED)

           *- against -*

Comm'r of Social Security,                     ORDER

                          Defendant.

---

**PAUL E. DAVISON, U.S.M.J.:**

       Plaintiff in this action under the Social Security Act, 42 U.S.C. § 405(g), who appears *pro se*, has requested *pro bono* counsel. (Dkt. 42.) Because Plaintiff has been granted leave to proceed *in forma pauperis* (Dkt. 11), I assume that Plaintiff is unable to afford counsel.

       Even indigent plaintiffs have no "right" to counsel in civil cases, however, so applications for *pro bono* counsel in such cases are addressed to the court's discretion. Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). The Court of Appeals has stressed that such applications should not be granted indiscriminately, because volunteer lawyers are a "precious commodity." Cooper v. Sargenti, 877 F.2d 170, 172 (2d Cir. 1989). Accordingly, the district court is directed to screen such applications first by evaluating the applicant's likelihood of success on the merits. Id. If the court concludes that the applicant's claims meet this threshold requirement, then the court is to consider secondary criteria such as "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly-conducted cross-examination to test veracity." Id.

       Although the Court is unable to evaluate Plaintiff's likelihood of success at this stage, consideration of the secondary criteria described in *Cooper* indicate that appointment of counsel is not warranted at this time. In actions pursuant to the Social Security Act, the Court's role is limited to "'determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (quoting Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002)). Because the Court's role is circumscribed, appointment of counsel is seldom warranted in Social Security cases. See, e.g., Fernandez v. Bowen, 676 F.Supp. 550 (S.D.N.Y. 1988). Plaintiff's request is **DENIED WITHOUT PREJUDICE.**

Dated: May 20, 2020
        White Plains, New York

                                      **SO ORDERED**

                                  _____
                                       Paul E. Davison
                                   United States Magistrate Judge