Copies mailed 7/13/20 to Plaintiff
Chambers of Judge Davison with printed cases

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JAVIER NUNEZ,

       Plaintiff,     **DECISION AND ORDER**

  -against-         19 Civ. 0170 (PED)

ANDREW SAUL, COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
------------------------------------------------------X

**PAUL E. DAVISON, U.S.M.J.:**

 *Pro se* plaintiff Javier Nunez brings this action pursuant to 42 U.S.C. § 405(g), challenging a decision of the Commissioner of Social Security (the "Commissioner") denying plaintiff's application for Supplemental Security Income ("SSI") (Dkt. #4). This case is before me for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) (Dkt. #19). Presently before this court is the Commissioner's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), or alternatively, a motion for summary judgment pursuant to FRCP 56 (Dkt. #36, #37). For the reasons set forth below, the Commissioner's motion for summary judgment is **GRANTED**.

## I. BACKGROUND

 The following facts are gathered from the record, including plaintiff's amended complaint (Dkt. #4) and the Declaration of Janay Podraza, Court Case Preparation and Review Branch 4, Office of Appellate Operations, Social Security Administration (and attached exhibits) (Dkt. #40).[1]

---

[1] Because the Commissioner is moving to dismiss in lieu of an Answer, he has not filed a Certified Administrative Record. See 42 U.S.C. § 405(g) (Commissioner will file administrative record "[a]s part of the Commissioner's answer"); Social Security Standing Order (Dkt. #3) (Commissioner will file administrative record or otherwise move against the complaint).

On March 9, 2018, plaintiff applied for SSI pursuant to Title XVI of the Social Security Act (the "Act") (Dkt. #40, at ¶3a and Exh. 1). By letter dated August 22, 2018, the Commissioner notified plaintiff that his claim was denied; the notice informed plaintiff of his right to a hearing, and further stated: "If you don't go to the hearing and don't have a good reason for not going, the ALJ will dismiss your request for a hearing" (Dkt. #40, Exh. 2, at 16). On October 10, 2018, plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") (Dkt. #40, at ¶3b and Exh. 3). By letter dated October 18, 2018, the Commissioner acknowledged plaintiff's request for a hearing, and notified him that the hearing may be held by videoconference (Dkt. #40, at ¶3b and Exh. 4). On October 24, 2018, plaintiff notified the Commissioner that he objected to a hearing by videoconference and wished to appear in person (Dkt. #40, at ¶3b and Exh. 5).

On December 6, 2018, plaintiff obtained the representation of Lori Lembeck of Binder & Binder (Dkt. #40, at ¶3c and Exh. 6). On January 7, 2019, plaintiff commenced the instant action (Dkt. #2, #40 at ¶3d). On January 8, 2019, plaintiff filed an amended complaint, in which he alleges that the Appeals Council denied his request for review on August 22, 2018 (Dkt. #4). Plaintiff did not attach a copy of the Appeals Council's determination to the amended complaint.[2] On June 12, 2019, attorney Lembeck notified the Office of Hearing Operations that she would no longer be representing plaintiff on his SSI claim (Dkt. #40, at ¶3e and Exh. 7).

By letter dated June 26, 2019, the Commissioner notified plaintiff that his hearing was

---

[2] The court notes that August 22, 2018 is the date of the Commissioner's letter informing plaintiff that his claim was administratively denied and apprising him of his right to a hearing (Dkt. #40, at ¶3a and Exh. 2). Thus, it appears that plaintiff has likely misinterpreted the administrative denial of benefits as an Appeals Council decision. The record contains no letter or decision from the Appeals Council.

-2-

scheduled for September 11, 2019 (Dkt. #40, at ¶3f and Exh. 8). On August 28, 2019, the Commissioner sent plaintiff a Notice of Hearing–Important Reminder (Dkt. #40, at ¶3f and Exh. 9). Both notices stated that if plaintiff did not attend the hearing, and if the ALJ did not find a good reason for plaintiff's failure to appear, the ALJ could dismiss plaintiff's request for a hearing without further notice (Dkt. #40, Exhs. 8, 9). Both notices were mailed to plaintiff at the address which appears on the docket.[3]

Plaintiff failed to appear at his September 11th hearing (Dkt. #40, at ¶3g and Exh. 10). On September 17, 2019, the ALJ dismissed plaintiff's request for a hearing (finding no good cause for plaintiff's failure to appear) and apprised plaintiff of his right to appeal to the Appeals Council (Dkt. #40, at ¶3g and Exh. 10).

On October 15, 2019, the Commissioner filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1), on the ground that plaintiff had failed to obtain a "final decision" from the Appeals Council (Dkt. #23). On October 21, 2019, plaintiff filed a letter accompanied by nearly 200 pages of documentation, much of which appears to relate an unrelated eviction which plaintiff attempted to challenge in a separate federal action, Nunez v. Silber, 18 Civ. 893 (CM) (Dkt. #27). Although this submission appears to constitute plaintiff's opposition (and the Court construes it as such), plaintiff's brief letter seems, paradoxically, to support the Commissioner's position herein: "[d]ismissal for failure to appear at the hearing does not constitute a final decision on [the] merits (Dkt. # 27,

---

[3] Plaintiff's address is in Brooklyn. In response to an Order to Show Cause as to why venue should not be transferred to the Eastern District of New York, plaintiff alleged he had been illegally evicted from his home within this district and presently resided in a homeless shelter in Brooklyn (Dkt. #8, #9). Judge McMahon did not order transfer of this action, and the Commissioner does not dispute venue in this case.

p.2).

On April 20, 2020, the Commissioner filed a revised motion to dismiss the complaint for failure to state a claim pursuant to FRCP 12(b)(6), or alternatively, for summary judgment pursuant to FRCP 56 (Dkt. #36, #37).[4] Plaintiff has not submitted any further opposition.

## II. DISCUSSION

### A. Conversion of FRCP 12(b)(6) Motion to FRCP 56 Motion

The Commissioner seeks dismissal under FRCP 12(b)(6), or alternatively FRCP 56, on the grounds that plaintiff did not obtain a final decision and, thus, failed to exhaust his administrative remedies. In reviewing a motion to dismiss pursuant to FRCP 12(b)(6), dismissal is inappropriate where "the Commissioner's motion involved consideration of matters outside the pleadings." Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 5 n.1 (2d Cir. 2011) (citing Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000)).[5] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

In this case, the Commissioner's argument is grounded upon information outside the four corners of the amended complaint. Where matters outside the pleadings are relied upon, the court "must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all

---

[4] The motion was revised in light of Smith v. Berryhill, wherein the Supreme Court concluded that failure to comply with the SSA exhaustion requirement is non-jurisdictional. 139 S. Ct. 1765, 1773 (2019). Accordingly, the Commissioner now seeks dismissal under Rule 12(b)(6) as opposed to Rule 12(b)(1).

[5] Copies of all unpublished opinions and decisions available only in electronic form cited herein have been mailed to plaintiff. See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

-4-

parties the opportunity to present supporting material.'" Friedl, 210 F.3d at 83 (citing Fonte v. Bd. of Mgrs. of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). Here, the documents outside the pleadings are integral to resolution of defendant's motion and, therefore, cannot be excluded.

This court is mindful that converting a motion to dismiss into a motion for summary judgment triggers a heightened standard of notice to the *pro se* plaintiff, to wit: "*pro se* parties must have unequivocal notice of the meaning and consequences of conversion to summary judgment" because a *pro se* litigant "may be unaware of the consequences of his failure to offer evidence bearing on triable issues." Hernandez v. Coffey, 582 F.3d 303, 307-08 (2d Cir. 2009) (quotation marks and citation omitted). Here, plaintiff received unequivocal notice. The docket reflects that the Commissioner served plaintiff with copies of the original motion, the amended motion, supporting documents (including unreported cases), the Local Rule 12.1 Notice and the full text of FRCP 56 (Dkt. #26, #41). In addition, the Commissioner's original and amended motions incorporated the appropriate Local Rule 12.1 Notice:

> You are warned that the court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents. . . . If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

(Dkt. #23, #38). Accordingly, it is appropriate to convert the Commissioner's 12(b)(6) motion to a motion for summary judgment pursuant to FRCP 56.

B. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

parties the opportunity to present supporting material.'" Friedl, 210 F.3d at 83 (citing Fonte v. Bd. of Mgrs. of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). Here, the documents outside the pleadings are integral to resolution of defendant's motion and, therefore, cannot be excluded.

This court is mindful that converting a motion to dismiss into a motion for summary judgment triggers a heightened standard of notice to the *pro se* plaintiff, to wit: "*pro se* parties must have unequivocal notice of the meaning and consequences of conversion to summary judgment" because a *pro se* litigant "may be unaware of the consequences of his failure to offer evidence bearing on triable issues." Hernandez v. Coffey, 582 F.3d 303, 307-08 (2d Cir. 2009) (quotation marks and citation omitted). Here, plaintiff received unequivocal notice. The docket reflects that the Commissioner served plaintiff with copies of the original motion, the amended motion, supporting documents (including unreported cases), the Local Rule 12.1 Notice and the full text of FRCP 56 (Dkt. #26, #41). In addition, the Commissioner's original and amended motions incorporated the appropriate Local Rule 12.1 Notice:

> You are warned that the court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION ON TIME by filing sworn affidavits as required by Rule 56(c) and/or other documents. . . . If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

(Dkt. #23, #38). Accordingly, it is appropriate to convert the Commissioner's 12(b)(6) motion to a motion for summary judgment pursuant to FRCP 56.

B. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the moving party has met its burden of proving that no factual issues exist, the court must resolve all ambiguities and draw all factual inferences in favor of the party opposing the motion. See Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010). However, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment, and a district court deciding a summary judgment motion has broad discretion in choosing whether to admit evidence." Porter v. Quarantillo, 722 F.3d 94, 97 (2d Cir. 2013). Further, "assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005).

"When the opposing party bears the burden of proof at trial, summary judgment should be granted if the moving party 'can point to an absence of evidence to support an essential element of the nonmoving party's claim.'" Michael Bandler, MB & Co. v. BPCM NYC, Ltd., No. 15-129, 2016 WL 277722, at *1 (2d Cir. Jan. 22, 2016) (summary order) (quoting Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir.1995)). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). The question is whether, in light of the evidence, a rational jury could find in favor of the nonmoving party. See Beyer v. County of Nassau, 524 F.3d 160, 163 (2d Cir. 2008). Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be

resolved only by a finder of fact because they may reasonably be resolved in favor of either party." See Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Even where the motion for summary judgment is unopposed, the court "may not enter judgment for the moving party merely on the basis of the opposing party's failure to respond . . . Rather, a court must review the record and determine whether the moving party has established that the undisputed facts entitle it to judgment as a matter of law." Martell v. Astrue, No. 09 Civ. 1701, 2010 WL 4159383, at *2 n.4 (S.D.N.Y. Oct. 20, 2010) (citing Vt. Teddy Bear Co. v. 1-800BEARGRAM Co., 373 F.3d 241, 246-247 (2d Cir. 2004)); see also Rowland v. Comm'r of Soc. Sec., No. 18 Civ. 7918, 2019 WL 4010434, at *7 (S.D.N.Y. Aug. 26, 2019).

C. Plaintiff's Failure to Exhaust

The Commissioner seeks judgment on the grounds that plaintiff failed to obtain a "final decision" pursuant to 42 U.S.C. § 405(g), and thus failed to exhaust his administrative remedies. As noted above, although plaintiff did not oppose the Commissioner's amended motion, he submitted a response to the original motion. Mindful of plaintiff's *pro se* status, the Court liberally construes plaintiff's submissions as contending that he did, obtain a "final decision." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal citations omitted).

Section 205(g) of the Act states, in relevant part:

> Any individual, *after any final decision of the Commissioner of Social Security made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). "The Social Security Act does not define the term 'final decision,' but it empowers the Commissioner to set out the procedures for obtaining a final

-7-

decision." Escalera, 457 F. App'x at 6 (citations omitted).

The administrative process for exhaustion, required to obtain a "final decision" subject to judicial review, is typically fourfold:

> Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. See 20 CFR §416.1400. If a claimant has proceeded through all four steps on the merits, all agree, §405(g) entitles him to judicial review in federal district court.

Smith, 139 S. Ct. at 1772. "An SSA determination is deemed final, and the claim exhausted, only after the Appeals Council has denied review of an ALJ's determination or decided the merits of plaintiff['s] claims following an ALJ's decision." Jordan-Rowell v. Comm'r of Soc. Sec., No. 15 Civ. 8326, 2016 WL 7392221, at *2 (S.D.N.Y. Dec. 20, 2016).

Here, plaintiff's claim did not proceed through all four steps of the administrative process. The ALJ found no good cause for plaintiff's failure to attend the hearing and, accordingly, dismissed plaintiff's request for a hearing. There is no evidence that plaintiff sought review of the ALJ's decision by the Appeals Council. Under the circumstances, plaintiff failed to obtain a "final decision" subject to judicial review. See Califano v. Sanders, 430 U.S. 99, 108 (1977) ("This provision [s. 205(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'"); Garcia v. Comm'r of Soc. Sec., No. 15 Civ. 6100, 2017 WL 946295, at *3 (S.D.N.Y. Mar. 9, 2017) ("[I]f a request for a hearing is dismissed because the claimant failed to attend the hearing without showing good cause for his absence, the initial disability determination made by the SSA becomes a binding

decision, but it is not considered a 'final decision' pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court." (quotation and citation omitted)); Dunn v. Comm'r of Soc. Sec., No. 13 Civ. 4398, 2016 WL 7015827, at *3 (S.D.N.Y. Sept. 21, 2016) ("[T]he ALJ's decision . . . was a dismissal of [p]laintiff's request for a hearing because of his failure to appear. This decision of the Commissioner was not the outcome of a merits-based hearing and, therefore . . . it was not a final decision subject to judicial review under Section 405(g)."), *report and recommendation adopted*, 2016 WL 6962544 (S.D.N.Y. Nov. 28, 2016); Milazzo ex rel. Rodriguez v. Barnhart, No. 05 Civ. 9218, 2006 WL 2161781, at *1 (S.D.N.Y. Aug. 1, 2006) ("Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)."). Accordingly, plaintiff failed to exhaust his administrative remedies.

D. Plaintiff's Failure to Exhaust Should Not Be Excused

The Commissioner "declines to waive the exhaustion requirement in this case." Dkt. #39, at 9. Generally,

> the Commissioner has discretion to decide when to waive the exhaustion requirement. But "cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." *Bowen* [*v. City of N.Y.*], 476 U.S. [467, 483 (1986)], 106 S. Ct. 2022 (quoting [*Mathews v.*] *Eldridge*, 424 U.S. [319, 330 (1976)], 96 S. Ct. 893); *see also Bastek v. Fed. Crop Ins. Corp.*, 145 F.3d 90, 93 (2d Cir.1998) ("In general, exhaustion of administrative remedies is the rule, and waiver the exception[.]"). "[A] plaintiff's failure to exhaust administrative remedies can be excused if (1) the claim is collateral to a demand for benefits, (2) exhaustion would be futile, or (3) requiring exhaustion would result in irreparable harm." *Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir.1997).

Escalera, 457 F. App'x at 6 (quotation marks and internal alterations omitted). Here, plaintiff seeks a determination that he is entitled to SSI benefits and, thus, the issues before this Court are identical (and not collateral) to his administrative demand. Additionally, exhaustion would not

be futile: "A final agency decision and developed written record would ensure a more complete review in federal court." Escalera, 457 F. App'x at 6-7. Finally, there is no indication that requiring exhaustion would cause plaintiff to suffer irreparable harm.[6] Accordingly, the Court defers to the Commissioner and declines to excuse plaintiff's failure to exhaust.[7]

### III. CONCLUSION

For the reasons set forth above, the Commissioner's motion for summary judgment is **GRANTED**. The Clerk of the Court is directed to terminate the pending motions (Dkt. #23, #38) and close this case.

Dated: July 13, 2020
White Plains, New York

SO ORDERED

PAUL E. DAVISON, U.S.M.J.

---

[6] A plaintiff's failure to exhaust may also be excused if the plaintiff raises a colorable constitutional claim relating to the agency's decision. See, e.g., Califano, 430 U.S. at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). Here, plaintiff's complaint, even liberally construed, does not implicate a constitutional claim.

[7] In the interest of giving the *pro se* plaintiff a fair hearing, I have considered the implications of language contained in the August 28, 2019 Notice of Hearing – Important Reminder form plaintiff received: "If the ALJ dismisses your request for hearing, the prior decision will become the *final decision* of the Commissioner on your application" (Dkt. #40, Exh. 9, at 54) (emphasis added). Plaintiff cannot assert estoppel based on the Commissioner's use to the term "final decision" in this notice. First, plaintiff filed this action on January 7, 2019, *before receiving* the notice containing this "final decision" language, and therefore cannot have relied on the arguably misleading notice to his detriment. Moreover, the ALJ's September 17, 2019 notice of dismissal apprised plaintiff of his right to appeal to the Appeals Council (Dkt. #40 and Exh. 10, at 55). Thus, the Commissioner's vernacular use of the term "final decision" in the August 28th notice does not constitute a waiver of the exhaustion requirement.